# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO.: _____

| | |
|---|---|
| JEFF PENNISTON, JOE FERNANDEZ, | ) |
| CODY PENNISTON, NATHANIEL MARTIN, | ) |
| DARRYL EGGLER, WAYNE ORR, | ) |
| PETER MCCANN, and TODD STIFF, as Trustees of the | ) |
| PLUMBERS LOCAL UNION NO. 519 PENSION TRUST FUND, | ) |
| HEALTH AND WELFARE TRUST FUND, and | ) |
| JOINT APPRENTICESHIP AND TRAINING COMMITTEE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| HOREB CONSTRUCTION CORP. | ) |
| | ) |
| Defendant. | ) |

_____/

## COMPLAINT TO COLLECT TAFT-HARTLEY FUND CONTRIBUTIONS AND TO COMPEL AUDIT

Plaintiffs JEFF PENNISTON,  JOE FERNANDEZ, CODY PENNISTON, NATHANIEL MARTIN, DARRYL EGGLER, WAYNE ORR, PETER MCCANN, and TODD STIFF as Trustees of THE PLUMBERS LOCAL UNION NO. 519 PENSION TRUST FUND, HEALTH AND WELFARE TRUST FUND, and JOINT APPRENTICESHIP AND TRAINING COMMITTEE, *et al.* (the "Trustees" or the "Funds") sue Defendant HOREB CONSTRUCTION CORP. ("Defendant") as follows:

### I.     NATURE OF ACTION, JURISDICTION, AND VENUE

1) This is a delinquent contributions collection action, brought by the Trustees on behalf of the Funds.

2) This action arises under the laws of the United States that contain their own jurisdictional

1

requirements: Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145.

3) Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Trustees administer the Funds and Defendant's breaches occurred in Miami-Dade County, Florida.

4) Additionally, the Court is the appropriate venue as Defendant also transacts business within this federal judicial district.

## II. PARTIES

5) The Trustees have been at all times material, trustees and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6) The Funds are "employee benefit plans" and "multiemployer plans" as defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37).

7) The Funds maintain collect contributions for the payment of fringe benefits.

8) Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Florida and maintains a principal office at: 5105 N.W. 196th Terrace, Miami, FL 33055.

9) Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and is party to a collective bargaining agreement (the "Agreement") with Local 519.

10) Local 519 is a labor organization, as that term is defined in 29 U.S.C. §152(5), representing employees of Defendant and other employers for the purposes of collective bargaining and payment of fringe benefits.

11) Local 519 conducts its affairs and maintains its offices in Miami, Miami-Dade County, Florida.

12) Pursuant to the Agreement, Defendant is obligated to comply with the Trustees' request for an audit. See Agreement at Art. VII, §5(c).

13) Defendant breached said agreement by 1) failing to make full and complete payment of all fringe benefit contributions and other payments that were due to the Funds for payroll periods after it signed the Agreement, and 2) by failing to comply with the Trustees' request for an audit for those same payroll periods.

### III. CAUSE OF ACTION

**Count I: ERISA Action for Delinquent Contributions and to Compel Payroll Audit**

14) Defendant agreed to be bound and remained bound to the Agreement as it related to wage rates and Defendant's contribution obligations to the Funds.

15) A true and correct copy of the Agreement is attached as Exhibit 1.

16) Defendant employed persons within the trade and territorial jurisdiction of the Agreement and thus became obligated to pay fringe benefit contributions and other payments to the Funds.

17) Defendant breached the Agreement by failing to make timely and complete payment of all fringe benefit contributions and other payments due to the Funds as a result of the hours worked by the persons referenced above in ¶14, for payroll periods since the Defendant executed the Agreement.

18) The Trustees have been required to employ the undersigned attorneys and also the Funds' accountants to collect the monies that are owed by Defendant, and are obligated to pay these attorneys and accountants reasonable attorneys' and accountants fees.

19) The Trustees have complied with all conditions precedent in bringing this suit.

WHEREFORE, the Trustees respectfully request that this Court enter a Judgment against Defendant, providing:

a.   An award of damages for all unpaid fringe benefit contributions (that are unpaid as of May 3, 2019 within the past five (5) years) and other payments due for payroll periods it signed the Agreement; together with all liquidated damages, interest, and reasonable attorney's fees and costs, pursuant to 29 U.S.C. §1132(g)(2); plus accountants' fees.

b.   An order directing Defendant to comply with the Trustees lawful and authorized audit demand and,

c.   Such other relief as is just and proper.

Respectfully submitted,

**SUGARMAN & SUSSKIND, P.A.**
**Attorneys for the Trustees**
100 Miracle Mile, Suite 300
Coral Gables, Florida  33134
Tel. (305) 529-2801
Fax (305) 447-8115

By    /s/ D. Marcus Braswell, Jr.
        D. MARCUS BRASWELL, Jr.
        Fla. Bar No. 146160

This 25th day of April, 2019

4